# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GROOME INDUSTRIAL SERVICE GROUP, LLC, | § § § | No. 232, 2025 |
| | § | |
| Defendant Below, Appellant, | § § § § | Court Below–Superior Court of the State of Delaware |
| v. | § § | C.A. No. K24C-02-032 |
| | § | |
| KRAFT HEINZ FOODS COMPANY, UNDERWRITERS AT AXA XL, LLOYD'S SYNDICATE NO. 2003 XLC, HISCOX SYNDICATES, LLOYD'S SYNDICATE NO .0033 HIS, MS AMLIN UNDERWRITING LTD., LLOYD'S SYNDICATE NO. 2001 AML, TALBOT UNDERWRITING LTD., LLOYD'S SYNDICATE NO. 1183 TAL, HDI GLOBAL SPECIALTY SE, LIRMA H3808, ALWEN HOUGH JOHNSON LTD., NORTH AMERICAN CAPACITY INSURANCE COMPANY, | § § § § § § § § § § § § § § § § § § | |
| Plaintiffs Below, Appellees. | § § | |

Submitted: May 27, 2025
Decided: June 9, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1)     Kraft Heinz Foods Company ("Kraft") is a food and beverage company that stores fructose in silos at its Dover, Delaware manufacturing facility. By way of a purchase order dated July 16, 2021 (the "Purchase Order" or "PO"), Kraft hired Groome Industrial Service Group, LLC ("Groome") to clean two silos at the Dover facility. The Purchase Order incorporates by reference Kraft's "Standard Terms and Conditions of Purchase," one of which provides that "[t]he parties waive their right to a jury trial in any action or proceeding arising out of or related to the PO or Order" (the "Jury Trial Waiver").[1] In February 2024, Kraft and its insurers (together, the "Plaintiffs") sued Groome in the Superior Court, claiming that Groome's allegedly negligent cleaning of the Dover silos led to the costly recall of several of Kraft's products.

(2)     Groome moved for a jury trial under Superior Court Civil Rule 38, arguing that the Jury Trial Waiver was unenforceable under Delaware law. The Plaintiffs opposed the motion. On April 25, 2025, the Superior Court denied the motion in a bench ruling (the "Bench Ruling"). Groome thereafter asked the Superior Court to certify an interlocutory appeal of the Bench Ruling under Supreme Court Rule 42. The Plaintiffs opposed the application.

---

[1] Compl., Ex. B at ¶ 11.

(3)     On May 21, 2025, the Superior Court denied the application for certification.[2]  As an initial matter, the court concluded that Groome's application should be denied because the Bench Ruling did not decide an issue of material importance that merits appellate review before a final judgment—a threshold consideration under Rule 42.[3]  To the contrary, the Superior Court observed that the Bench Ruling did not relate to the merits of the parties' dispute.  The court nevertheless considered Groome's assertion that certification was appropriate under Rule 42(b)(iii) because interlocutory review "may serve considerations of justice by reviewing the denial of a constitutionally protected judicial process."[4]  Finding this claim to be conclusory, the court determined that it did not weigh in favor of certification.  Finally, the Superior Court concluded that "disrupting the flow of litigation at this late state of the process—with a trial scheduled this summer—would be inefficient and would vitiate the orderly flow of the litigation."[5]

(4)     We agree with the Superior Court that interlocutory review is not warranted in this case.  Applications for interlocutory review are addressed to the sound discretion of the Court.[6]  Exercising our discretion and giving due weight to

---

[2] *Kraft Heinz Food Co. v. Groome Indus. Serv. Grp., LLC*, 2025 WL 1455800 (Del. Super. Ct. May 21, 2025).
[3] Del. Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").
[4] Appl. for Certification of Interlocutory Appeal at 2.
[5] *Kraft Heinz Food Co.*, 2025 WL 1455800, at *3.
[6] Del. Supr. Ct. R. 42(d)(v).

the Superior Court's analysis, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Bench Ruling do not exist,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal on the eve of trial.[8]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] Del. Supr. Ct. R. 42(b)(ii).
[8] Del. Supr. Ct. R. 42(b)(iii).